IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jason Moulton, ) | |
| ) | Civil Action No. 6:14-2666-DCN-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

      This matter is before the court on the petitioner's motion for entry of default or, in the alternative, for summary judgment (doc. 18). The petitioner, a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

      The petitioner filed a petition for writ of habeas corpus on July 2, 2014. On July 3, 2014, the undersigned authorized service of process and directed the respondent to file an answer or other response to the petition as soon as reasonably possible but no later than 50 days from the date of service. The respondent was served on that same date. On August 21, 2014, the respondent moved for an extension of time to file a response. That motion was granted, and the time for response was extended through September 25, 2014. On September 25, 2014, the respondent filed a motion for summary judgment (doc. 14) and a return and memorandum in support of that motion (doc. 15). By order filed September 25, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the

petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 29, 2014, the petitioner filed the instant motion seeking entry of default or, in the alternative, summary judgment against the respondent.

The petitioner complains that the respondent failed to timely respond pursuant to this court's August 21, 2014, text order, which extended the time period for the respondent to file an answer or other response to the petitioner (doc. 12). This argument is meritless as the respondent timely filed a return and motion for summary judgment. Moreover, default judgment is not available in a habeas action. *See Kelley v. McCall*, C.A. No. 3:09-3133-HMH-JRM, 2010 WL 1999521, at *3 (D.S.C. Apr. 26, 2010) ("Rule 55, Fed. R. Civ. P., pertaining to default judgment, is not applicable to habeas cases."), adopted by 2010 WL 1999488 (D.S.C. May 19, 2010). Based upon the foregoing, and as the petitioner has failed to show that he is entitled to summary judgment, the motion (doc. 18) should be denied. The petitioner is hereby reminded that his response to the respondent's motion for summary judgment is due by October 30, 2014.

IT IS SO RECOMMENDED.

October 21, 2014  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).